No. 7060.

THE CONSOLIDATED FRUIT JAR COMPANY VS. MEYER L. NAVRA.

Defendant's Answer absolutely denying that he ever was a debtor of Plaintiff in the matter sued upon, he cannot pretend that the circumstances of the case, as disclosed by the evidence, show a novation of the orignal debt, by which he is released.

APPEAL from the Fifth District Court for the parish of Orleans. *Rogers, J.*

*Chs. S. Rice* for Plaintiff and Appellee:

First—The defendant, a member of the firm of Levi & Navra, or Levi, Navra & Co., could not relieve himself from his liability as a commercial partner by selling out his interest to a third person.

Second—The goods having been ordered before defendant ceased to be a member of the firm, though received by the succeeding firm, he is liable for the price, the plaintiff never having assented to accept a new debtor in his stead.

Third—The succeeding firm having, without objection of defendant, received, accepted and disposed of the goods, it lies neither in the mouth of defendant, nor of that firm, to refuse payment thereof, on the ground that the goods were unmerchantable.

Fourth—Computation shows that the time for operation of prescription of three years had not run; and even if it had, the prescription in this suit would be that of ten years, the account being a "stated account," duly acknowledged by two members of the commercial firm of Levi, Navra & Co. (Pages 105 and 106.)

*Braughn, Buck & Dinkelspiel* for Defendant and Appellant:

Where it is established that a retiring member of a commercial firm has been released by his creditor, cannot subsequently be held responsible for the obligations of his old firm.

The fact ·of the discharge of a debtor and the substitution of another in his place can be shown by the acts of the creditor, and where the creditor is notified of the dissolution of the commercial firm, and trades with that new firm, sending to them portions of goods ordered by the old firm, in order to make merchantable and salable the property so ordered, all this occurring subsequent to the dissolution of the old firm, is in itself a virtual acceptance of the new firm's obligations, and a complete discharge of the old debtor's responsibilities. This in nowise conflicts with the cases reported in 9 An. 497; 13 An. 238, or 14 An. 212.

The opinion of the Court was delivered by

FENNER, J. The commercial firm of Levi & Navra, of which defendant was a member, ordered certain goods from plaintiff in New York, which were consigned to said firm in New Orleans, per sailing vessel. Before they reached New Orleans, defendant sold out his interest in the firm to George G. Wolff, and a new firm of Wolff & Levi was formed, which, under contract with defendant, took the stock and assets of the former firm and assumed its debts.

It is not pretended that plaintiff was a party to this arrangement, or that, of itself, it released defendant from the contract made with his firm. The goods, on arrival, were received and taken possession of by

Wolff & Levi. They were opened and a part of them sold to customers by that firm. On 24th May, 1872, a few weeks after delivery, Wolff & Levi wrote to plaintiff, saying: "We have to mention those fruit jars received, the tops of which do not fit in tight, the screws not working well. We have opened most every shipment, and received complaints, and many of them returned. We shall have to keep what we have on hand subject to their (your?) order, as they are not as represented."

This letter appears not to have reached plaintiff. On August 24th, Wolff & Levi wrote again, enclosing copy of the above letter. To this plaintiff replied, offering to supply new tops or rings which would fit, and to pay for labor and trouble of overhauling and fitting. Subsequently the matter was fully arranged by plaintiffs remitting $259 of the account and furnishing the new rings or tops, which was accepted by Wolff & Levi, who then paid part of the account, and kept and disposed of the goods.

This action is brought for the balance due on the account. The defendant contends that the effect of the above dealings was to release the firm of Levi & Navra, and himself as a member thereof, and to substitute the firm of Wolff & Levi as the only debtor of plaintiff. We cannot so regard it.

Defendant contends that the contract was not completed with Levi & Navra, because the goods received were not such as were ordered and represented; that liability only attached when the goods were made merchantable, and that they were so made merchantable in the hands of, and to the benefit of Wolff & Levi, who then became alone liable. We think that Wolff & Levi were the constituted agents and liquidators of the firm of Levi & Navra, and must be considered as so acting in all these transactions.

These goods were consigned to Levi & Navra upon their order. It was by authorization of defendant that Wolff & Levi received and took possession of them, and dealt with the goods. Unless Wolff & Levi represented Levi & Navra in objecting to the acceptance of the goods, and notifying plaintiff of their defects, the firm of Levi & Navra has never yet made objection thereto, and could not urge any at this late day. If defendant claims the benefit of the act of Wolff & Levi, as his agents, in one part of the transaction, he cannot repudiate it in others.

Having sold out his interest in the assets of Levi & Navra, defendant must be presumed to have received consideration for these goods as well as others; and it must be assumed that the proceeds of sale thereof by Wolff and Levi have enured to defendant's benefit by being used in liquidating the debts of his old firm, assumed by Wolff & Levi, but for which he remained liable.

The evidence affirmatively establishes that plaintiff never consented to any novation of the debtor; that the goods stood always charged on their books to Levi & Navra; that the invoices and accounts were made to that firm; that long after the dissolution of the firm, and while the negotiations were pending with Wolff & Levi about the goods, plaintiff, by letter, demanded payment of Levi & Navra; that it brought suit in New York against that firm; and always, and in every manner, asserted its liability.

The judgment appealed from is, therefore, affirmed at appellant's cost.

---

## ON APPLICATION FOR REHEARING.

The opinion of the Court was delivered by

POCHÉ, J. Appellant's counsel, in their application for rehearing, urgently strive to show error in our judgment, in not giving weight to testimony tending to show a novation, with plaintiff's consent, of the debt sued upon, by the substitution of Levi, Wolff & Co. as debtors, in lieu and stead of Levi & Navra, the original debtors, and they confidently point to the testimony of defendant, who states that this novation was accepted by Tomlinson, an agent of plaintiff.

Our answer is, that novation was not pleaded, and could not, therefore, be proved. As we read defendant's answer, we understand that he absolutely denies having ever been a debtor of plaintiff on account of the goods which are in suit, for the reason that they were not merchantable at the time that they were consigned and when received, and that he had ceased to be a member of the purchasing firm when the goods were made merchantable by plaintiff.

The defence that he never was a debtor is inconsistent with the position now assumed, that, as a debtor, he has been released or discharged by novation or otherwise.

Counsel also call our attention to a petition filed by them, with a document annexed, purporting to be extracts from the minutes of the United States District Court for the District of Louisiana, showing in bankruptcy that defendant had obtained a composition from his creditors, who had agreed to accept from him twenty-five cents on the dollar in full of his liabilities, which document was not produced in the lower court, and they ask us to amend our judgment so as to reduce it to that proportion. It is elementary that an appellate tribunal cannot take cognizance of original evidence, or of matters which were not submitted to, or passed upon, by the lower court.

We see no reason to justify us to reopen this cause.

Appellant's applications are, therefore, refused.